The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WENDY ROBERSON, an individual; A. R., a minor, by and through her guardian, CHRISTINE RIGGENBERG,<br><br>Defendants. | Case No. 2:18-cv-01058-RAJ<br><br>**ORDER GRANTING DEFENDANT ROBERSON'S MOTION FOR SUMMARY JUDGMENT** |
| A. R., a minor, by and through her guardian, CHRISTINE RIGGENBERG,<br><br>Crossclaim Plaintiff,<br><br>v.<br><br>WENDY ROBERSON, an individual<br><br>Crossclaim Defendant. | |

This matter comes before the Court on Defendant Wendy Roberson's Motion for Summary Judgment (Dkt. #27). For the reasons stated below, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff Minnesota Life Insurance Company ("Minnesota Life" or "Plaintiff") is a life insurance company based in Minnesota. Dkt. #1 at ¶ 1. John Marcel Miller ("Mr. Miller") was covered for supplemental life insurance under a group universal life insurance policy (the "Policy"), issued by Minnesota Life to Mr. Miller's employer, Honeywell International, Inc.. *Id.* at ¶ 6; Dkt. #16 at ¶ 30. In addition to his coverage under the Policy, Mr. Miller also received other benefits including basic life insurance and retirement benefits ("the Benefits"). Dkt. #16 at ¶ 32.

On December 30, 2010 Mr. Miller designated his daughter, A.R., a minor, ("A.R." or "Defendant A. R.") and his "domestic partner," Wendy Roberson ("Defendant Roberson" or "Ms. Roberson"), as 50% beneficiaries under the Policy. Dkt. #16 at ¶ 38; Dkt. #28 at ¶ 2. On January 6, 2011, Mr. Miller also updated his Benefits designations, listing Defendant A.R. and Defendant Roberson as 50% beneficiaries. Dkt. #16 at ¶ 37. Mr. Miller and Ms. Roberson's romantic relationship terminated at some point in 2011. Dkt. #16 at ¶ 39; Dkt. #28 at ¶ 4. On May 20, 2012, Mr. Miller updated his <u>Benefits</u> beneficiary designations, removing Ms. Roberson as a beneficiary and designating Defendant A.R. as the sole, 100% beneficiary. Dkt. #16 at ¶ 40; Dkt. #27 at 6. Mr. Miller did not make any changes to his beneficiary designations under the <u>Policy</u>. Dkt. #27 at 6.

On April 4, 2016, Mr. Miller died. Dkt. #15 at ¶ 7; Dkt. #27 at ¶ 5. At the time of his death, the total life insurance benefits due under the Policy was $135,149.69. *Id.* Ms. Roberson and A.R. were both named as 50% beneficiaries under the Policy. Dkt. #16 at ¶ 38; Dkt. #28 at ¶ 2. Following Mr. Miller's death, A.R., through her guardian, Christine Riggenberg, submitted a claim for her portion of the coverage and received her 50% distribution (totaling approximately $69,205.05) under the Policy. Dkt. #1 at ¶¶ 8-9.

On October 30, 2017, Ms. Roberson also submitted a claim for the remaining 50% under the Policy. Dkt. #1 at ¶ 11. Shortly after Ms. Roberson submitted her claim, Plaintiff was notified by counsel for A.R. and her guardian, that they were disputing Ms. Roberson's status as a beneficiary under the Policy. Dkt. #1 at ¶ 11. According to Plaintiff, counsel for A.R. argued that Mr. Miller had failed to remove Ms. Roberson as a beneficiary under the Policy due to "mistake or oversight" and that under Washington statute RCW 11.07.010(2), which provides for the revocation of prior beneficiary designations upon termination of a marriage or state registered domestic partnership, Ms. Roberson was not entitled to recover under the Policy. Dkt. #1 at ¶ 11.

On July 18, 2018, Plaintiff filed the instant complaint for interpleader. Dkt. #1. Defendant A.R. subsequently filed her answer and crossclaim for declaratory judgment under 28 U.S.C. § 2201. Dkt. #16. On March 11, 2019, this Court issued an order granting Plaintiff's motion for judgment in interpleader and discharging Plaintiff from this action. Dkt. # 22. Ms. Roberson filed this motion for summary judgment against Defendant A.R. on June 4, 2019. Dkt. #27. Defendant A.R. has not submitted an opposition to Ms. Roberson's motion.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a

genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnell-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

For reasons not apparent from the record, Defendant A. R. does not oppose Ms. Roberson's motion for summary judgment. Fed. R. Civ. P. 56(e)(2) authorizes a court considering an unopposed summary judgment motion to treat an assertion of fact from the moving party as undisputed. Under Local Rule CR 7(b)(2) the court may treat a party's failure to oppose a motion "as an admission that the motion has merit." A court cannot, however, grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc*., 983 F.2d 943, 949–50 (9th Cir. 1993). The Court may only grant summary judgment if "the motion and supporting materials ... show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## III.  DISCUSSION

In her motion for summary judgment, Ms. Roberson argues that Defendant A.R. has failed to demonstrate a genuine issue of material fact. Dkt. #27 at 7. Ms. Roberson first contends that the Washington statute, RCW 11.07.010(2), referenced in Minnesota Life's complaint for interpleader, does not extend beyond formal marriages or state registered domestic partnerships. Dkt. #27 at 4-5. Ms. Roberson also argues that she is entitled to summary judgment on Defendant A.R.'s crossclaim because Defendant A.R. has

provided no admissible evidence to support her allegation that Mr. Miller intended to disinherit Ms. Roberson. Dkt. #27 at 5-7.

    A. <u>Applicability of RCW 11.07.010(2)</u>

The Court will first consider the applicability of RCW 11.07.010(2), a Washington statute which provides for the revocation of prior beneficiary designations upon termination of a marriage or state registered domestic partnership. RCW 11.07.010(2) provides in relevant part:

> If a marriage or state registered domestic partnership is dissolved or invalidated, or a state registered domestic partnership terminated, a provision made prior to that event that relates to the payment or transfer at death of the decedent's interest in a nonprobate asset in favor of or granting an interest or power to the decedent's former spouse or state registered domestic partner, is revoked.

RCW § 11.07.010(2). In its complaint for interpleader, Plaintiff alleged that this interpleader action was initiated after Defendant A.R.'s counsel contacted Plaintiff and disputed Ms. Roberson's status as a beneficiary under RCW 11.07.010(2). Dkt. #1 at ¶ 11. Ms. Roberson argues that RCW 11.07.010(2) does not preclude her from recovering her portion of the Policy because the statute only applies to marriages and state registered domestic partnerships, not the "less formal boyfriend/girlfriend relationship." Dkt. #27 at 2.

Under Washington law, if a "statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *State, Dep't of Ecology v. Campbell & Gwinn, L.L.C.,* 146 Wash. 2d 1, 9-10 (2002). Here, the plain language of the statute expressly limits its application to "decree[s] of dissolution of marriage" or "declaration[s] of invalidity or certification[s] of termination of a state registered domestic partnership." RCW § 11.07.010(1). The text of the provision is neither ambiguous or unclear. The statute references only the termination or dissolution of "marriages" or "state registered domestic partnerships." *Id.* The Court will not read into the statute that which the legislature omitted. *Auto. Drivers & Demonstrators Union*

*Local No. 882 v. Dep't of Ret. Sys.,* 92 Wash. 2d 415, 421 (1979) ("This court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or inadvertent omission."). The parties do not dispute that Mr. Miller and Ms. Roberson were never married or in a state registered domestic partnership. Dkt. #15 at ¶ 2; Dkt. #16 at ¶ 36. As a result, the Court finds that RCW 11.07.010(2) does not apply.

B. <u>Plaintiff has failed to establish a genuine issue of material fact</u>

The Court must apply the law of the forum state in interpleader actions filed under 28 U.S.C. § 1335. *Davis v. Aetna Life Ins. Co.,* 279 F.2d 304, 307 (9th Cir. 1960). It is well-established that the interpretation of insurance policies is a question of law. *Kitsap County v. Allstate Ins. Co.*, 136 Wash.2d 567, 575 (1998). An insurance policy is a contract, and courts shall determine the contracting parties' intent by resorting to a fair, reasonable, and sensible construction of the contract's language, as the average purchaser would understand. *See Sharbono v. Universal Underwriters Ins. Co.*, 139 Wash. App. 383, 394 (2007) (internal citations omitted). Courts will enforce an insurance contract as written if the contact is clear and unambiguous, regardless of the parties' intent. *See Sharbono*, at 394 ("If an insurance contract's language is neither ambiguous nor difficult to comprehend, we will enforce the intent expressed in the policy[.]").

Here, the parties do not dispute that Ms. Roberson is a designated beneficiary under the policy. Dkt. #16 at ¶ 38; Dkt. #28 at ¶ 2. Instead, Defendant A.R., in her crossclaim for declaratory judgment, seeks a declaration that Mr. Miller intended to remove Ms. Roberson from the Policy. Dkt. #16 at ¶ 47. Specifically, A.R. alleges that in 2011, Mr. Miller made changes to his beneficiary designations, for both the Policy and Benefits, listing Ms. Roberson and A.R. as 50% beneficiaries. Dkt. #16 at ¶ 37. Later, in May 2012, after Mr. Miller and Ms. Roberson ended their relationship, A.R. alleges that Mr. Miller made changes to his Benefits, removing Roberson as a beneficiary. Dkt. #16 at ¶ 40. According to A.R., Mr. Miller was unaware that changes he made to his Benefits designations did not translate to the Policy at issue. *Id.* at ¶ 35. Ms. Roberson argues that Defendant A.R.'s speculation regarding Mr. Miller's intent is insufficient to create a

factual dispute for the purposes of summary judgment.  Dkt. #27 at 7.  The Court is inclined to agree.

Ms. Roberson, for her part, has presented evidence that she is a named beneficiary under the Policy.  Dkt. #27 at ¶ 2; Dkt. 28, Ex. A..  Defendant A.R. has not presented any evidence to support for her allegation that Mr. Miller also intended to remove Ms. Roberson as a beneficiary under the Policy.  Dkt. #16 at ¶ 47.  Under Rule 56(e) "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 256 (1986).  Defendant A.R. has opted not to respond to Roberson's motion for summary judgment or provide any evidence beyond the allegations in her cross-claim.  Dkt. #16.  Without more, Defendant A.R.'s allegations are just that, allegations.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (holding uncorroborated and self-serving testimony does not create a genuine issue of material fact).  The Court finds that Defendant A.R.'s uncorroborated allegations regarding Mr. Miller's changes to the Benefits and Policy and her speculation regarding his motives are insufficient to create a factual dispute under Rule 56.  *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) ("speculation does not create a factual dispute.").

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion Summary Judgment (Dkt. # 27) is **GRANTED.**

DATED this the 2nd day of August, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge